IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA
OMAHA DIVISION

| | |
|---|---|
| JOSE MORALES, EDUARDO CABRALES ISAAC E. VALENCIA, CARLOS SUAREZ JAVIER MORENO PEREZ, CARLOS MEJIA IVON CHAVORIN and SEVERO SANCHEZ on behalf of themselves and all other similarly situated individuals, | |
| Plaintiffs, | Docket No._____ |
| v. | |
| GREATER OMAHA PACKING CO., INC. | **CLASS ACTION** |
| Defendant. | |

## ORIGINAL CLASS ACTION AND COLLECTIVE ACTION COMPLAINT

Plaintiffs, Jose Morales, et al., by and through their undersigned counsel, on behalf of themselves and all other similarly situated individuals either currently or formerly employed by Defendant Greater Omaha Packing Company, Inc. (hereafter referred to as "Greater Omaha"), at its meat processing facility in Omaha, Nebraska for their Class Action and Collective Action Complaint against Greater Omaha allege, upon information and belief, except as to the allegations that pertain to the named Plaintiffs and their counsel, which are based upon personal knowledge, as follows:

### I.     INTRODUCTION

1.     This is a class action brought pursuant to Federal Rule of Civil Procedure 23 by Plaintiffs on behalf of themselves and all other similarly situated current and former production and support employees of Defendant Greater Omaha's meat processing

facility in Omaha, Nebraska for the purpose of obtaining relief under Nebraska law for, *inter alia*, unpaid wages and unpaid overtime wages.

2.    The named Plaintiffs also bring a collective action against Greater Omaha under federal law pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq., on behalf of themselves and all other similarly situated current and former production and support employees of Defendant Greater Omaha's meat processing facility in Omaha, Nebraska for unpaid wages and unpaid overtime wages, liquidated damages, costs, attorneys' fees, and declaratory and injunctive relief.

3.    At all times relevant to this Complaint, Plaintiffs have or had worked at Greater Omaha's meat processing facility located in Omaha, Nebraska.

4.    During the class period in this case, Greater Omaha has failed to pay Plaintiffs their minimum hourly rate of pay for all hours of work they performed in addition to overtime as required by federal law. The uncompensated time includes, but is not limited to, time spent preparing, donning, doffing, obtaining and sanitizing sanitary and safety equipment and clothing, obtaining tools, equipment and supplies necessary for the performance of their work, sharpening knives, "working" steels and all other activities in connection with these job functions, and walking between work sites after the first compensable work activity and before the last compensable work activity. These unpaid work activities took place before and after paid time, and during unpaid meal breaks.

5.    At all times relevant to this Complaint, upon information and belief, Defendant Greater Omaha has failed to pay its hourly employees for all of these compensable activities, despite the fact that Plaintiffs spend as much as 30-40 minutes or more per day performing uncompensated work activities as described in this Complaint.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction over Plaintiffs' federal claims because they are brought pursuant to the Fair Labor Standards Act, 29 U.S.C. 216 (b), and because they raise a federal question pursuant to 28 U.S.C. § 1331. This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction provision).

7. Venue is proper in this federal judicial district pursuant to 28 U.S.C. 1391(a) and (c), because a substantial part of the events or omissions giving rise to these claims occurred within this judicial district, and because Defendant Greater Omaha resides in this judicial district in that it regularly conducts business within this judicial district and thus is subject to personal jurisdiction within this judicial district.

## III. PARTIES

8. Plaintiff Jose Morales is a former Greater Omaha employee at the Omaha, Nebraska meat processing facility employed during the relevant class period in this case.

9. Plaintiff Eduardo Cabrales is a former Greater Omaha employee at the Omaha, Nebraska meat processing facility employed during the relevant class period in this case.

10. Plaintiff Isaac E. Valencia is a former Greater Omaha employee at the Omaha, Nebraska meat processing facility employed during the relevant class period in this case.

11. Plaintiff Carlos Suarez is a current Greater Omaha employee at the Omaha, Nebraska meat processing facility employed during the relevant class period in this case.

12. Plaintiff Javier Moreno Lopez is a former Greater Omaha employee at the Omaha, Nebraska meat processing facility employed during the relevant class period in this case.

13. Plaintiff Carlos Mejia is a former Greater Omaha employee at the Omaha, Nebraska meat processing facility employed during the relevant class period in this case.

14. Plaintiff Ivon Chavorin is a former Greater Omaha employee at the Omaha, Nebraska meat processing facility employed during the relevant class period in this case.

15. Plaintiff Severo Sanchez is a former Greater Omaha employee at the Omaha, Nebraska meat processing facility employed during the relevant class period in this case.

16. Plaintiffs bring this class action for their state law claims on behalf of themselves and all other putative class members employed at Defendant Greater Omaha's meat processing facility located in Omaha, Nebraska ("Class members"). Moreover, the named Plaintiffs assert federal claims under the Fair Labor Standards Act as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of themselves and all other similarly situated current and former employees who work or worked at Greater Omaha's meat processing facility located in Omaha, Nebraska.

17. Defendant Greater Omaha Packing Company, Inc. is a Nebraska corporation that operates a meat processing facility at 3001 "L" Street in Omaha, Nebraska 68107 (located in Douglas County, NE). Defendant Greater Omaha is a corporation engaged in interstate commerce and in the production of goods for commerce throughout the United States. Defendant Greater Omaha can be served with original service of process through its agent for service, Richard J. Gilloon, Suite 100, 10330 Regency Parkway Drive, Omaha, NE 68114-3761.

IV.     **CLASS ACTION ALLEGATIONS**

18. The Named Plaintiffs are individuals who are currently, or were within the applicable period of limitations prior to the commencement of this action, employed by

4

Defendant Greater Omaha at its meat processing facility in Omaha, Nebraska. This matter is maintainable as a class action pursuant to Federal Rule of Civil Procedure 23(a), Rule 23(b)(1)(A) and (B), and Rule 23(b)(3), on behalf of a Class consisting of: current and former production and support employees of the Greater Omaha's meat processing facility in Omaha, Nebraska.

19. Plaintiffs believe that there are at least 1500 present and former production and support employees in the Class during the relevant Class period of March 4, 2004 to the present.

20. Given the size of the facility involved and the systematic nature of Defendant Greater Omaha's failure to comply with Nebraska statutory law, the members of the Class are so numerous that joinder of all members is impractical.

21. The Named Plaintiffs' claims are typical of the claims of the Class members because they are or were hourly production and support workers who, like the Class members, sustained damages arising out of Defendant Greater Omaha's unlawful compensation system as described in more detail herein.

22. Plaintiffs will fairly and adequately protect the interests of the Class members. Plaintiffs have retained counsel competent and experienced in complex class action and wage and hour litigation.

23. Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members. Among the questions of law and fact common to Plaintiffs and the Class are:

a. Whether the work performed by Plaintiffs and the Class is included in the type of work Defendant Greater Omaha employed Plaintiffs and the Class to perform;

b. Whether the work performed by Plaintiffs and the Class is compensable under federal law and/or Nebraska state law;

c. Whether Defendant Greater Omaha has engaged in a pattern and/or practice in Nebraska of forcing, coercing, deceiving and/or permitting Plaintiffs and the Class to perform work for Defendant Greater Omaha's benefit which was not properly compensated;

d. Whether Defendant Greater Omaha has failed to permit full meal and rest periods as required by Nebraska or federal law, other applicable regulations, and/or Defendant Greater Omaha's stated policies;

e. Whether Defendant Greater Omaha has failed to properly compensate Plaintiffs and the Class in connection with interruptions to their meal or rest periods;

**f.** Whether Defendant Greater Omaha has failed to keep true and accurate time records for all hours worked by its employees as required by Greater Omaha's policies and federal and state law;

g. Whether Defendant Greater Omaha failed to pay Plaintiffs and the Class for all of the work Greater Omaha required them to perform;

h. Whether Defendant Greater Omaha violated the Nebraska Wage Payment Collection Act, R.R.S. Neb. §§ 48-1228-1232, or The Nebraska Wage

    And Hour Act, R.R.S. Neb. §§ 48-1201-1209, through its practices of not paying employees for all time worked;

  i. Whether Defendant Greater Omaha failed to pay employees for time spent walking between work stations after the first compensable work activity and before the last compensable work activity in violation of both the federal Fair Labor Standards Act and the Nebraska Wage Payment Collection Act, R.R.S. Neb. §§ 48-1228-1232, and/or The Nebraska Wage And Hour Act, R.R.S. Neb. §§ 48-1201-1209.

  j. The nature and extent of class-wide injury and the measure of damages for the injury.

24. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Class is readily identifiable from the Defendant Greater Omaha's own employment records.

25. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant Greater Omaha.

26. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impractical. Furthermore, the amounts at stake for many of the Class members, while substantial, are not great enough to enable them to maintain separate suits against Greater Omaha.

27. Without a class action, Defendant Greater Omaha will likely retain the benefit of their wrongdoing and will continue an illegal course of action, which will result in further damages to Plaintiffs and the Class. Plaintiffs envision no difficulty in the management of this action as a class action.

## V. COLLECTIVE ACTION ALLEGATIONS

28. Defendant Greater Omaha owns and operates a meat processing facility in Omaha, Nebraska. The complained of unlawful compensation system at issue in this Complaint has affected Defendant Greater Omaha's present and former production and support employees uniformly at this location. At all times relevant to this Complaint, Defendant Greater Omaha has utilized the same compensation system complained about herein.

29. Under Defendant Greater Omaha's wage compensation system, Plaintiffs and Class members who are production employees are paid only during the time that they are present on the actual production assembly line under a system known as "gang time" or "line time." Defendant Greater Omaha, as a matter of policy and practice, does not pay its employees for all required pre-production line and post-production line activities that are necessary and integral to their overall employment responsibilities, such as: donning and doffing clothing and protective equipment, cleaning and sanitizing that equipment, sharpening knives, walking to their lockers and/or production line after already

performing compensable activities, and at the end of the work day, walking to the wash stations and then to their lockers and/or supply rooms before the end of compensable time, working on knife maintenance equipment known as "steels" or "mousetraps", and waiting in line to receive required knives, supplies, tools and equipment needed for production line activities. Defendant Greater Omaha also requires its employees to be present at the production line for periods after their "gang time" (i.e. the time when they stop getting paid) but they are not paid for that time.

30.   Pursuant to federal regulations and Defendant Greater Omaha's own internal policies and procedures, Plaintiffs and Class members are required to wear uniforms and special personal protective equipment ("PPE") for protection and sanitary reasons. Uniforms include shirts, pants and boots. PPE includes, *inter alia*, plastic aprons, belly guards, wrist guards, mesh sleeves, sheaths, gloves, mesh gloves, mesh aprons, hardhats, scabbards, hairnets, earplugs, coveralls, eye protection, and other protective equipment and coverings. Most of Defendant Greater Omaha's employees use knives and other sharp instruments in the course of their work and the PPE is designed to protect them from injury. The PPE and other required gear are also designed to protect Greater Omaha's meat products from contamination by food borne diseases.

31.   As a consequence of the compensation system utilized by Defendant Greater Omaha, Plaintiffs and Class members are not fully paid at the beginning of each shift for the time it takes to don uniforms, obtain gear, maintain gear, walk from the supply rooms to their lockers and/or from their lockers to sanitation stations and then to production areas, and sanitize the required PPE, walk to production areas and don PPE.

32. At the beginning of each workday, Plaintiffs and Class members are required to report to their lockers to don their uniforms. Production employees must also obtain their PPE, walk to storage areas and obtain knives and other gear, sharpen knives, work their steels and/or mousetraps, walk to the sanitation stations and sanitize their gear, walk to the production lines and don the PPE <u>before</u> paid time begins. Plaintiffs are not paid for these work activities.

33. Pursuant to Defendant Greater Omaha's compensation system, employees are not fully compensated for time spent before or after paid time working steels or mousetraps, which is a necessary task for the performance of their job.

34. During their unpaid lunch and other unpaid breaks, Plaintiffs and Class members have to remove their PPE, clean their PPE, and then re-don it at the end of breaks. These employees are not paid anything or are not fully paid for performing these work activities.

35. After the end of paid time, employees must finish their work on production and other activities, walk to wash stations, wait in line to wash the PPE, knives and other gear, wash their PPE, knives and gear, walk to their lockers, doff their uniforms and PPE and stow the uniforms, PPE, knives and other gear in their lockers.

36. According to Defendant Greater Omaha's compensation system, Plaintiffs and Class Members are not paid during the time after "gang time" (when compensation stops) although they continue to work on final production tasks and then walk to and wait at wash areas, doff PPE, wash PPE and gear (as well as their own bodies), walk to lockers, doff uniforms and stow gear and uniforms.

37. As a result of Defendant Greater Omaha's compensation system, and other practices and policies followed by Greater Omaha, Plaintiffs and Class members are not fully paid for all of the time that they work presently and they have not been paid for all of the time they have worked for several years.

38. Plaintiffs and all Class members are similarly situated individuals who worked at and/or continue to work at Defendant Greater Omaha's meat processing facility in Omaha, Nebraska and who were and/or continue to be deprived of their lawful wages under federal and Nebraska state law in the same manner.

39. The facts and circumstances relating to Defendant Greater Omaha's compensation system vis-à-vis production time and employment-related activities prior to paid production time and after paid production time present common questions of law and fact pursuant to Fed.R.Civ.P. 23.

40. Defendant Greater Omaha's failure to pay Plaintiffs and Class members their lawful wages was and is willful. Defendant Greater Omaha knew or should have known that its conduct was unlawful and/or showed reckless disregard for the matter of whether its above-described conduct was prohibited by law. Defendant Greater Omaha does not have authorization from any Plaintiff or class member to withhold, divert or deduct any portion of Plaintiffs' and class members' wages that are at issue in this Complaint. Accordingly, Plaintiffs seek the imposition of a three-year statute of limitations on their Fair Labor Standards Act claims.

41. Despite its knowledge that time spent by Plaintiffs and Class members, as described above, was compensable time under both state and federal law, Defendant

Greater Omaha has refused to fully compensate workers at their Omaha, Nebraska facility for any of this time.

V.   **CAUSES OF ACTION**

**COUNT I**

**VIOLATION OF THE NEBRASKA WAGE AND HOUR ACT**
**R.R.S. Neb. §§ 48-1201-1209**
**All Plaintiffs v. Defendant Greater Omaha Packing Co, Inc.**

42.   Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

43.   Upon information and belief, this statute has a three-year statute of limitations and thus would include claims from March 4, 2005 to the present time.

44.   Defendant Greater Omaha is required to compensate employees in the manner prescribed by The Nebraska Wage And Hour Act, R.R.S. Neb. §§ 48-1201-1209, which establishes, inter alia, that a minimum wage must be paid for all work performed.

45.   Defendant Greater Omaha is required to compensate employees who perform work at least at the minimum wage prescribed by The Nebraska Wage And Hour Act, R.R.S. Neb. §§ 48-1201-1209.

46.   As a result of Defendant's unlawful acts, Plaintiffs and other Greater Omaha production and support workers have been deprived of compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with statutory interest, costs and attorneys' fees.

47.   Plaintiffs and class members worked many hours without having been paid by Defendant on a weekly basis. Had that work been recorded as paid time, at least some Plaintiffs and class members would have worked over forty hours a week and been

entitled to be paid one and a half times their regular hourly wages for all time worked in excess of forty hours per week.

WHEREFORE, Plaintiffs and all others similarly situated pray for the following relief against Defendant Greater Omaha:

A. That this Court order an accounting of lost wages for Plaintiffs and permit this action to go forward as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. That this Court declare that Defendant Greater Omaha's wage payment and overtime practices are unlawful;

C. That this Court enjoin Defendant Greater Omaha from continuing to commit unlawful practices related to wages; and

D. That this Court award lost wages, lost overtime wages, statutory penalties, interest, costs and attorney's fees.

## COUNT II

## VIOLATION OF NEBRASKA WAGE PAYMENT AND COLLECTION ACT

### R.R.S. Neb. §§ 48-1228-1232

### All Plaintiffs v. Defendant Greater Omaha Packing Co, Inc.

48. Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

49. As previously described, Defendant Greater Omaha has failed to pay Plaintiffs their hourly rate of pay for all hours of work they performed as required by Nebraska law. The uncompensated time includes, but is not limited to, time spent preparing, donning, doffing, and sanitizing sanitary and safety equipment and uniforms, obtaining

13

tools, equipment and supplies necessary for the performance of their work, "working" steels and mousetraps and performing all other activities in connection with these job functions, before and after the start of their shift (i.e. pre and post "gang time"), and during unpaid meal breaks.

50. Defendant Greater Omaha's failure to pay Plaintiffs for these activities violates the Nebraska Wage Payment and Collection Act (NWPCA), R.R.S. Neb. §§ 48-1228-1232.

51. Upon information and belief, this statute has a four-year statute of limitations and thus would include claims from March 4, 2004 to the present time.

52. As a result of Defendant Greater Omaha's repeated violations of the NWPCA, Plaintiffs and class members have not received wages to which they were entitled under Nebraska state law. Accordingly, Plaintiffs and others similarly situated are entitled to their unpaid wages, penalties, costs and attorneys' fees.

WHEREFORE, Plaintiffs and all others similarly situated pray for the following relief against Defendant Greater Omaha:

A. That this Court order an accounting of lost wages for Plaintiffs and permit this action to go forward as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. That this Court enjoin Defendant Greater Omaha from continuing to commit unlawful practices related to wages; and

C. That this Court award lost wages, lost overtime wages, statutory penalties, interest, costs and attorney's fees.

## COUNT III

**VIOLATION OF THE FAIR LABOR STANDARDS ACT
29 U.S.C. § 201 et seq.
All Plaintiffs v. Defendant Greater Omaha Packing Co, Inc.**

53.     Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

54.     Pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 207, Defendant Greater Omaha was and is obligated to pay employees at a rate equal to one and one-half times their normal hourly rate of pay for all time spent performing compensable work in excess of 40 hours per week.

55.     Pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 216(b), Defendant Greater Omaha, because it failed to pay employees the required amount of overtime at the statutory rate, must reimburse the employees not only for the unpaid overtime wages, but also for liquidated damages in an amount equal to the amount of unpaid overtime wages.

56.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended if they are successful in prosecuting an action for unpaid overtime wages.

WHEREFORE, Plaintiffs pray for the following relief against Defendant Greater Omaha:

A.  That this Court order an accounting of lost wages for Plaintiffs;

B.  That this Court enjoin Defendant Greater Omaha from continuing to commit unlawful practices related to wages;

C. That this Court permit this action to go forward as a "collective action" pursuant to 29 U.S.C. § 216(b); and

D. That this Court award lost overtime wages, liquidated damages, statutory penalties, interest, costs and attorney's fees.

Respectfully submitted,

/s/ Brian P. McCafferty

BRIAN P. MCCAFFERTY[1]
Kenney Egan McCafferty & Young
3031C Walton Road, Suite 202
Plymouth Meeting, PA 19462
Phone: (610) 940-9099
Facsimile: (610) 940-0284
E-Mail: cafstar@aol.com

MICHAEL HAMILTON (TN Bar No. 10720)
Provost Umphrey Law Firm, L.L.P.
One Burton Hills Boulevard, Suite 380
Nashville, TN 37215
Phone: (615) 242-0199
Fax: (615) 256-5922
E-Mail: mhamilton@provostumphrey.com

**Attorneys for Plaintiffs**

DATED: March 4, 2008

---

[1] Attorneys McCafferty and Hamilton are fully admitted in the District of Nebraska.