# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSE MORALES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 8:08CV88 |
| | ) | |
| and | ) | |
| | ) | |
| GABRIEL SANCHEZ CLAUDIO, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 8:08CV161 |
| | ) | |
| vs. | ) | |
| | ) | |
| GREATER OMAHA PACKING COMPANY, INC., | ) | ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the court on several motions by the parties related to the defendant's motions to consolidate and for related relief (Filing No. 16 in case No. 8:08CV88, and Filing No. 53 in case No. 8:08CV161). The plaintiffs state they do not oppose the motions or relief sought by the defendant. **See** Filing Nos. 18 and 20 in case No. 8:08CV88, and Filing Nos. 59 and 62 in case No. 8:08CV161.

The parties state the cases are related and may be consolidated for all purposes. Both cases were filed by the defendant's current and former employees, as class actions. The allegations are based on the Fair Labor Standards Act and state law regarding pay for pre- and post-shift activities, or "donning and doffing." The plaintiffs seek relief for alleged violations of state and federal wage-and-hour laws, including for alleged failures to pay minimum wage and overtime compensation and to provide meal and rest breaks. The two complaints were filed approximately one month apart, with the **Morales** case filed March 3, 2008, and the **Claudio** case filed April 11, 2008. There are however slight differences in the two complaints, which were filed by different counsel. At the time of filing the motions to consolidate, the defendant also filed motions to dismiss in each case, but only seeking dismissal of some of the plaintiffs' claims.

Fed. R. Civ. P. 42(a) provides:

> If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

"Consolidation of separate actions presenting a common issue of law or fact is permitted under Rule 42 as a matter of convenience and economy in judicial administration. The district court is given broad discretion to decide whether consolidation would be desirable and the decision inevitably is contextual. The consent of the parties is not required by the rule." 9 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2383 (2d ed. 1994). Whether to grant a Rule 42(a) motion to consolidate is within the sound discretion of the court. *United States Envtl. Prot. Agency v. Green Forest*, 921 F.2d 1394, 1402-03 (8th Cir. 1990). The court must weigh the saving of time and effort that would result from consolidation against any inconvenience, expense, or delay that it might cause. Wright & Miller, *supra*, § 2383. "[D]istrict courts generally take a favorable view of consolidation . . . ." *Id.* Furthermore, "[a]ctions involving the same parties are apt candidates for consolidation." *Id.* § 2384. However, under Fed. R. Civ. P. 42(b), consolidation is considered inappropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

The court finds Case No. 8:08CV88 presents common issues of law and fact with Case No. 8:08CV161. Furthermore, consolidation of these matters will promote judicial economy. The plaintiffs allege similar causes of injury. The same defendant and defendant's counsel are involved in both actions. All parties agree consolidation will lead to judicial economy. Thus, the court believes consolidation will not lead to inconvenience, inefficiency, or unfair prejudice. Therefore, pursuant to Fed. R. Civ. P. 42(a), *Jose Morales, et al. v. Greater Omaha Packing Company, Inc.*, (Case No. 8:08CV88) and *Gabriel Sanchez Claudio, et al. v. Greater Omaha Packing Company, Inc.*, (Case No. 8:08CV161) will be consolidated for all purposes.

In addition to consolidation, the defendant sought other relief to which the plaintiffs did not object, including:

1. appointing lead counsel and/or lead plaintiffs;
2. directing lead counsel to file a joint amended complaint;
3. issuing a consolidated scheduling order after a joint Rule 26(f) conference;
4. setting aside the plaintiffs' separate motions for conditional class certification pending resolution of the appointment of lead counsel and an amended complaint; and
5. requiring all documents to be filed in only one case.

Finally, the plaintiffs seek either an extension of time to respond to the defendant's motions to dismiss, or suggest the motions should be denied, without prejudice, until an amended complaint is filed. Based on the agreement of the parties and for judicial economy the court agrees the above actions are necessary in this matter. Further, since there is no agreement with regard to the identity of plaintiffs' counsel, the court will allow current counsel an opportunity to resolve the issue on their own. While each set of plaintiffs proposes different counsel as lead counsel, it appears counsel may be able to resolve the issue without court intervention. Otherwise, each party may move for appointment of particular lead counsel as described below. Upon consideration,

**IT IS ORDERED:**

1. The defendant's motions to consolidate and for related relief (Filing No. 16 in case No. 8:08CV88, and Filing No. 53 in case No. 8:08CV161) are granted.

2. *Jose Morales, et al. v. Greater Omaha Packing Company, Inc.*, (Case No. 8:08CV88) and *Gabriel Sanchez Claudio, et al. v. Greater Omaha Packing Company, Inc.*, (Case No. 8:08CV161) are hereby consolidated for all purposes.

3. All future filings shall contain the consolidated case caption which appears on this order.

4. All future filings shall only be filed in the earlier filed action *Jose Morales, et al. v. Greater Omaha Packing Company, Inc.*, (Case No. 8:08CV88).

5. The defendant's motions to dismiss (Filing No. 14 in case No. 8:08CV88, and Filing No. 51 in case No. 8:08CV161) are denied, without prejudice.

6. Each plaintiff's motion for an extension of time to respond to the defendant's motion to dismiss (Filing No. 20 in case No. 8:08CV88, and Filing No. 62 in case No. 8:08CV161) is denied as moot.

7. Each plaintiff's motion for conditional class certification (Filing No. 11 in case No. 8:08CV88, and Filing No. 7 in case No. 8:08CV161) is denied, without prejudice.

8. The plaintiffs shall have to **on or before June 20, 2008**, to file a joint motion or separate motions for appointment of lead counsel. If there are competing motions for appointment of lead counsel, any opposition to the motions shall be filed **on or before July 8, 2008**. Replies may be filed **on or before July 14, 2008**.

9. The plaintiffs shall have fourteen calendar days from the date an order is entered appointing lead counsel to file a consolidated amended complaint.

10. The parties shall file their planning report pursuant to Fed. R. Civ. P. 26(f) within seven business days of the defendant's filing of an answer or motion to dismiss.

DATED this 5th day of June, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge