IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSE MORALES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 8:08CV88 |
| | ) | |
| and | ) | |
| | ) | |
| GABRIEL SANCHEZ CLAUDIO, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 8:08CV161 |
| | ) | |
| vs. | ) | |
| | ) | |
| GREATER OMAHA PACKING COMPANY, INC., | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the plaintiffs' motion to dismiss, Filing No. 31. These are consolidated actions for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Nebraska Wage and Hour Act, Neb. Rev. Stat. § 48-1201 *et seq.*, and the Nebraska Wage Payment Collections Act, Neb. Rev. Stat. § 48-1228 *et seq*. Plaintiffs, present and former employees of defendant Greater Omaha Packing Company, contend that defendant failed to pay them for time spent preparing, donning, doffing and sanitizing equipment and clothing before and after their shifts and during unpaid meal breaks. Plaintiffs seek damages for violation of federal and state wage and hour and minimum wage laws and compensation for overtime.

Defendant moves to dismiss the plaintiffs' state law claims under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) or to strike under Fed. R. Civ. P. 12(f). It first contends that plaintiffs' complaint fails to state a claim for unpaid wages and overtime under Nebraska law because plaintiffs have not alleged a contractual relationship or an agreement to pay

overtime. Defendant also contends that plaintiffs' meal-break claims are barred because there is no provision regulating rest periods under Nebraska law. Last, defendant contends that this court should decline to exercise supplemental jurisdiction over the state law claims. It also contends that a class action under Fed. R. Civ. P. 23 that would apply to the state law claims would be incompatible with a "collective action" under 29 U.S.C. § 216(b) for the FLSA claim.

## DISCUSSION

### A. Motion to Dismiss

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, —, 127 S. Ct. 1955, 1964 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* — U.S. —, —, 127 S. Ct. 2197, 2200 (*quoting Bell Atlantic,* 550 U.S. at —, 127 S. Ct. at 1964). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic,* 550 U.S. at —, 127 S. Ct. at 1965.

When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Id.* "On the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above the speculative level." *Id*. In other words, "the complaint must plead enough facts to state a claim for relief that is plausible." *Id.* at 1974.

Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. See *id*. at 1966; *Dura Pharms., Inc. v. Broudo,* 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged). When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Bell Atlantic,* 550 U.S. at —, 127 S. Ct. at 1966.

Under the Wage Payment and Collection Act, Nebraska courts require a plaintiff to show the disputed wages were previously agreed to by a defendant. *See Freeman v. Central States Health & Life Co. of Omaha*, 515 N.W.2d 131, 134-35 (Neb. App. 1994). However, the agreement need only be that the defendant agreed "to pay plaintiffs at the appropriate rate of pay for the duties they were performing." *Hawkins v. City of Omaha*, 627 N.W.2d 118, 130 (Neb. 2001).

In the present case, the parties' employment relationship shows that they agreed to at least some terms, conditions and rates of pay for the work performed. Under liberal notice pleading standards in federal courts, the plaintiffs need not allege anything more specific at this stage of the proceedings. *See, e.g., Gernstein v. Lake*, 610 N.W.2d 714, 722 (Neb. 2000) (noting differences between former Nebraska "code pleading" and federal "notice pleading" and stating that "[a]lthough a pleader in notice pleading is required to refer to circumstances and events upon which the claim is based, the pleader is not required to allege a specific fact to cover every substantive element of the claim.").

The Wage and Hour Act was enacted to establish a minimum wage for all workers and to safeguard existing minimum wage compensation standards. Neb. Rev. Stat. § 48-1201. It requires employers to pay each employee wages at a minimum rate. Neb.

Rev. Stat. § 48-1203(1). "Any employer who violates any provision of section 48-1203 shall be liable to the employees affected in the amount of their unpaid minimum wages, as the case may be." Neb. Rev. Stat. § 48-1206(4). Plaintiffs contend that their effective wage rates were diluted by the defendant's failure to pay them for all of the time they worked. Taken as true, the court finds plaintiffs' allegations state a claim for relief under the Nebraska Wage and Hour Act.

### B. Motion to Strike

Under Fed. R. Civ. P. 12(f), courts may strike "from any pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts enjoy liberal discretion to strike pleadings under this provision. *BJC Health System v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007). Striking a party's pleading is an extreme and disfavored measure. *Id.* A motion to strike, however, is neither an authorized nor a proper way to procure the dismissal of all or part of a claim. 5C Wright & Miller, Fed. Prac. & Proc. § 1380 (2008). Defendant uses the vehicle of a motion to strike as an alternative to a motion to dismiss. The court finds the motion is improper and should be denied.

### C. Supplemental Jurisdiction

This court has jurisdiction over the plaintiffs' FLSA claims under 28 U.S.C. § 1331. Under 28 U.S.C. § 1367, the statute that governs a federal court's supplemental jurisdiction over state law claims, if a federal court has original jurisdiction over a civil action, it has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); *see also Exxon Mobil*

Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005) (stating that "[i]t is well established that once a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy.").

Claims are part of "the same case or controversy if they 'derive from a common nucleus of operative fact.'" Myers v. Richland County, 429 F.3d 740, 746 (8th Cir.2005) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)). A plaintiff's claims "derive from a common nucleus of operative fact if the 'claims are such that he would ordinarily be expected to try them all in one judicial proceeding.'" OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 350 (8th Cir. 2007) (quoting Gibbs, 383 U.S. at 725).

District courts may decline to exercise supplemental jurisdiction over a claim if—

(1)  the claim raises a novel or complex issue of State law,
(2)  the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3)  the district court has dismissed all claims over which it has original jurisdiction, or
(4)  in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

In the present case, the plaintiffs allege that the defendant's conduct violates both federal and state law. The federal and state law claims in the complaint arise out of the same interrelated series of events or transactions and derive from common nucleus of operative fact. See Lindsay v. Government Emps. Ins. Co., 448 F.3d 416, 424 (D.C. Cir. 2006) (noting that where the same acts violate both federal and state laws and the facts necessary to prove a violation of one "are practically the same as those needed to prove a violation of the other," a common nucleus of operative facts is obvious). Plaintiffs' claims

5

all arise from the same set of facts and would ordinarily be expected to be tried together. Additionally, none of plaintiffs' claims raise "novel or complex issue[s] of state law," nor would the state law claims predominate over the federal claim. Accordingly, the court finds defendant's motion to dismiss and/or strike should be denied.

### D. Class Certification

Plaintiffs contend that the potential for class action certification for the state law claims under Fed. R. Civ. P. 23 and for the federal claim under 29 U.S.C. § 216(b) creates a conflict that warrants dismissal of the state law claims. The class certification issue is premature at this stage of the proceedings. Although the plaintiffs' complaint purports to be a class action, the plaintiffs have not yet moved for class certification. Whatever the tension between the procedural requirements of the two provisions, the inherent challenge presented by those procedural differences does not warrant dismissal of the plaintiffs' state law claims. Issues relating to class action status await further development in this action. Accordingly,

IT IS ORDERED:

1. Plaintiffs' motion to dismiss or to strike (Filing No. 31) is denied.
2. Defendant shall respond to the plaintiffs' complaints within 30 days of the date of this order.

DATED this 15th day of December, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge