## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **JOSE MORALES, et al.,** | ) | |
| **Plaintiffs,** | ) | **8:08CV88** |
| and | ) | |
| **GABRIEL SANCHEZ CLAUDIO,** *et al.*, | ) | **8:08CV161** |
| **Plaintiffs,** | ) | |
| | ) | **PROTECTIVE ORDER** |
| v. | ) | |
| **GREATER OMAHA PACKING, CO., INC.** | ) | |
| **Defendant.** | ) | |

WHEREAS, the parties are engaged in discovery in this case;

WHEREAS, the parties agree that there may be confidential personnel information related to Defendant's current and former employees, who are not parties to this action and trade secrets and other confidential research, development or commercial information related to Defendant's business that should be given the protection of a court order to prevent disclosure to persons other than those set forth below;

WHEREAS, the parties agree that public disclosure of confidential personnel information of such non-parties and confidential information regarding Defendant's business operations is not necessary;

WHEREAS, the parties agree that the discovery of information regarding confidential personnel information of such non-parties and Defendant's business operations may be permissible in this case and that some information may be relevant or reasonably calculated to lead to the discovery of admissible evidence; and

WHEREAS, the parties agree and stipulate to this Protective Order and stipulate that good cause exists to enter this Protective Order pursuant to Fed. R. Civ. P. 26(c);

**IT IS ORDERED:**

1. <u>The Scope of the Order</u>:

    a. The terms "confidential personnel information" shall mean any information related to an individual's employment with Defendant, whether current or past, concerning the individual's home address, telephone number, social security

number, wages, benefits, hours or terms and conditions of employment, including but not limited to any disciplinary records or medical records;

  b. The terms: "trade secrets" or "other confidential research, development or commercial information" are used in this Order in the same sense that the terms are used in Fed. R. Civ. P. 26(c)(1)(G).

  c. The terms of this Protective Order shall apply to all confidential documents produced by Defendant in this case, any of Defendant's interrogatory answers designated confidential and information gathered, obtained, recorded, analyzed or summarized by Plaintiffs' counsel and/or Plaintiffs' expert witnesses, including any expert reports or other written materials prepared by Plaintiffs' expert witnesses in connection with the above-captioned case.

2. <u>Designation of Information and Documents</u>.

  a. Defendant may designate in writing as confidential any information or documents it claims falls under the provisions of paragraph 1(a) and (b) of this Order.

  b. In the event that Plaintiffs dispute Defendant's designation of information as set forth in paragraph 2(a) of the Order, they shall give notice to Defendant, and the parties shall attempt to reach agreement without resort to the Court. If the challenge cannot be informally resolved, Defendant may petition the Court for a ruling on such designation. The parties will retain the same burden of proof as if Defendant were seeking a protective order under Fed. R. Civ. P. 26 for purposes of this paragraph.

  c. Plaintiffs, their attorneys (including employees of their attorneys) and experts shall only disclose information designated confidential pursuant to paragraph 2(a) of this Order in accordance with the provisions of this Order.

  d. Plaintiffs, their attorneys (including employees of their attorneys) and experts shall only disclose information whose confidentiality is disputed pursuant to paragraph 2(b) of this Order if permitted by the Court to do so.

3. <u>Disclosure of Information and Documents</u>.

Plaintiffs, their attorneys (including employees of their attorneys) and experts shall not disclose, distribute or disseminate documents or information designated as confidential pursuant to paragraph 2 of this Order except to the following: The Plaintiffs in the present suit and their agents and representatives for use in prosecution of the present suit.

      4.    <u>Filing of Confidential Information</u>.

Nothing in this Protective Order will prevent the use of confidential information in this litigation in support of or in opposition to motions, in hearings, or at trial; provided, however, that if confidential information is used in answers to interrogatories, admissions, depositions or other discovery, all portions of the interrogatory answers, admissions, transcripts of depositions and exhibits thereto or other discovery which refer or relate to the confidential information shall be treated as confidential information and, thus, shall be subject to the provisions of the Protective Order. Confidential information, if filed with the Court, shall be filed under seal.

      5.    The inadvertent or unintentional production or disclosure of information, including confidential or proprietary information without being designated as confidential shall not be deemed a waiver of a claim of confidentiality by Defendant.

      6.    This Protective Order is not intended and shall not be construed to require Defendant to produce any documents or information not otherwise subject to discovery under the Federal Rules of Civil Procedure.

      7.    <u>Duration of Stipulation and Order; Return of Confidential Information</u>.

This Protective Order will continue to be binding after the conclusion of the instant litigation. Within 30 days after the conclusion of the instant litigation, all parties and persons having received confidential information will return it to the producing party's counsel. The instant litigation will be considered concluded at the first point in time after which all appeal periods have expired.

      8.    Notwithstanding any provision herein, Defendant has not by entering into this Protective Order, waived any evidentiary objection it may have with respect to any document or information pertaining to or arising from the inspection, observation, and recording of activities at Defendant's Omaha, Nebraska plants.

      9.    Notwithstanding anything contained in this Protective Order to the contrary, any party has the right to petition the Court for a modification, change, or revocation it might otherwise be entitled to assert regarding any discovery matter or other issue in this action. This Protective Order is entered at this time to facilitate discovery and to save time and expense to the parties and the Court.

DATED this 6th day of May, 2009.

                                                  BY THE COURT:

                                                  s/Thomas D. Thalken
                                                  United States Magistrate Judge