IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSE MORALES, et al., | ) | |
| Plaintiffs, | ) | 8:08CV88 |
| and | ) | |
| GABRIEL SANCHEZ CLAUDIO, et al., | ) | |
| Plaintiffs, | ) | 8:08CV161 |
| vs. | ) | |
| GREATER OMAHA PACKING COMPANY, INC., | ) | MEMORANDUM AND ORDER |
| Defendant. | ) | |

This matter is before the court on defendant Greater Omaha Packing Co., Inc.'s motions to dismiss, with prejudice, the claims of plaintiffs Ivon Chavorin, Gabriel Sanchez Claudio, Mercedes Estrella, Yalitza Gonzalez Figueroa, Carlos Mejia, Jose Morales, Javier Moreno Perez (identified in the body of the Consolidated Complaint as "Javier Moreno Lopez"), Severo Sanchez, and Carlos Suarez for discovery abuses under Fed. R. Civ. P. 37(d) and 41(b). Filing No. 74 in 8:08-cv-88, Filing No. 106 in 8:08-cv-161. Defendant also moves for an award of expenses, including reasonable attorneys' fees, incurred by defendant in connection with the motion. These are consolidated actions for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., the Nebraska Wage and Hour Act, Neb. Rev. Stat. § 48-1201 et seq., and the Nebraska Wage Payment Collections Act, Neb. Rev. Stat. § 48-1228 et seq. Plaintiffs seek compensation for time spent preparing, donning, doffing and sanitizing equipment and clothing before and after their shifts and during unpaid meal breaks.

In support of its motion, defendant has shown that these plaintiffs have failed to appear at scheduled depositions and failed to answer interrogatories. In response, plaintiffs' counsel has shown that some of these plaintiffs cannot be located, but that plaintiffs Gabriel Sanchez-Claudio and Yalitza Figueroa Gonzalez intend to prosecute this action and will respond to discovery requests. Filing No. 79 in 8:08CV88. Plaintiffs' counsel seeks more time to locate these plaintiffs.

The court is authorized to order dismissal as a sanction for failure to prosecute a claim or to comply with its orders. Fed. R. Civ. P. 41(b); *Rodgers v. Curators of the Univ. of Mo.*, 135 F.3d 1216, 1219 (8th Cir. 1998). In ordering such a sanction, the court must balance the degree of egregious conduct and the adverse impact of such conduct on both the opposing party and the administration of justice. *See id.* The sanction imposed by the court must be proportionate to the litigant's transgression. *Id.* (stating that dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or persistent failure to prosecute a complaint).

The court is further authorized under Fed. R. Civ. P. 37(b) to enter dismissal as a sanction in the case of failure to comply with discovery orders. *See Keefer v. Provident Life and Acc. Ins. Co.*, 238 F.3d 937, 940 (8th Cir. 2000). Generally, fairness requires a court to consider whether a lesser sanction is available or appropriate before imposing the sanction of dismissal under Rule 37. *Id.* at 941. When the facts show willfulness and bad faith, however, the court need not investigate the propriety of a lesser sanction. *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 817-18 (8th Cir. 2001). Finally, when a litigant's conduct abuses the judicial process, the remedy of dismissal is within the inherent powers of the court. *Id.* at 818.

This action has now been conditionally certified as a collective action under the FLSA and the parties have stipulated to a form of notice to potential plaintiffs. *See* Case No. 8:08CV88, Filing Nos. 77, Report & Recommendation; 92, Order; 105, Index, Exhibit A, Notice. Compliance with the FLSA's "opt-in" procedures may render defendant's concerns moot. In any event, the court finds that plaintiff's conduct does not warrant the extreme sanction of dismissal. A final decision on collective action status will be made after discovery is largely complete. The case is tentatively set for trial in March 2010, and discovery deadlines will be addressed in a telephone conference on August 3, 2009. The court further finds that an award of attorneys' fees is not appropriate under the circumstances. Accordingly,

IT IS ORDERED:

1. Defendant's motions to dismiss the claims of plaintiffs Ivon Chavorin, Gabriel Sanchez Claudio, Mercedes Estrella, Yalitza Gonzalez Figueroa, Carlos Mejia, Jose Morales, Javier Moreno Perez (identified in the body of the Consolidated Complaint as "Javier Moreno Lopez"), Severo Sanchez, and Carlos Suarez (Filing No. 74 in 8:08CV88 and Filing No. 106 in 8:08CV161) are denied.

2. Pursuant to Filing No. 23 in case number 8:08CV88, and Filing No. 63 in case number 8:08CV161, all future filings will only be filed in the earlier filed action <u>Jose Morales, et al. v. Greater Omaha Packing Company, Inc</u>. (Case No. 8:08CV88).

DATED this 6th day of July, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge