# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSE MORALES, et al., | ) | |
| Plaintiffs, | ) | 8:08CV88 |
| and | ) | |
| GABRIEL SANCHEZ CLAUDIO, et al., | ) | |
| Plaintiffs, | ) | 8:08CV161 |
| vs. | ) | |
| GREATER OMAHA PACKING COMPANY, INC., | ) | ORDER |
| Defendant. | ) | |

This matter is before the court on the defendant's Motion to Compel Discovery (Filing No. 146).¹ The defendant filed an index of evidence (Filing No. 147) in support of the motion. The defendant seeks an order, pursuant to Federal Rule of Civil Procedure 37(a), compelling (1) seven named plaintiffs and sixty-four opt-in class members to respond to discovery requests and (2) five named plaintiffs to appear for depositions. The plaintiffs did not file a response.

## INTRODUCTION

The plaintiffs in the above-captioned consolidated cases are the defendant's current and former employees who worked at some time during the period March 4, 2005, to the present. The cases were filed as class actions alleging violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201, *et seq.*, and state law regarding pay for pre- and post-production line activities, including "donning and doffing," and other activities in connection with job functions. The plaintiffs seek relief for alleged violations of state and federal wage-and-hour laws, including for alleged failures to pay minimum wage and

---

¹ All citations to the record will only be to the filings in case number 8:08CV88, unless specifically noted otherwise.

overtime compensation for uncompensated job-related activities. The plaintiffs include a number of named plaintiffs as class representatives on the state law claims and a number of opt-in class members associated with the FLSA claims.

On April 6, 2009, the defendant filed a motion to dismiss nine named plaintiffs based on their failure to engage in certain discovery. **See** Filing No. 74. On July 6, 2009, the court denied the motion to dismiss. **See** Filing No. 107. The court determined the plaintiffs' conduct did not warrant the extreme sanction of dismissal. *Id.* at 3. The court's order was based, in part, on the plaintiffs' representation that two of the named plaintiffs intended to prosecute the matter and would respond to discovery. *Id.* at 2. Additionally, the plaintiffs asked for additional time to locate certain other plaintiffs. *Id.* On July 28, 2009, the defendant filed a second motion to dismiss. **See** Filing No. 108. On January 26, 2010, the court denied the motion. **See** Filing No. 137. The court required the parties to complete discovery and resolve any discovery disputes through the undersigned magistrate judge. *Id.* Subsequent to filing the instant motion to compel, the defendant filed an unopposed motion to dismiss three of the plaintiffs who were not named in the motion to compel. **See** Filing No. 152.

On October 31, 2008, the defendant served the plaintiffs with notices of depositions, interrogatories, and requests for production of documents. **See** Filing No. 147 - Ex. 2 Dillon Decl. ¶ 3 (attaching copies of notices and certificates of service). On June 5, 2009, the defendant served twenty-two opt-in class members with interrogatories and requests for production of documents. *Id.* ¶ 4. On August 10, 2009, the defendant issued discovery to the remaining opt-in class members. *Id.* ¶ 5. The defendant made good faith and repeated attempts to obtain the discovery sought without court intervention. **See, e.g.**, Filing No. 146 - Motion. The defendant has taken nine depositions of current employees who are class members. *Id.* ¶ 11. Three plaintiffs complied with discovery and sat for depositions. *Id.* at n.2. The plaintiffs agreed to dismiss two of the named plaintiffs who declined to comply with discovery attempts. *Id.*; Filing No. 152 - Motion to Dismiss. Based on the remaining plaintiffs' failure to comply with discovery requests and notices, the defendant seeks an order requiring compliance with written discovery within thirty days. Filing No. 146 - Motion. Additionally, the defendant seeks an order requiring five named

plaintiffs to appear for depositions within sixty days. *Id.* The defendant listed the names of the subject named and opt-in plaintiffs in Exhibit 1. **See** Filing No. 147 - Ex. 1.

The trial in this matter is scheduled for February 14, 2011. **See** Filing No. 140 ¶ 8. The discovery deadline is currently July 26, 2010. *Id.* ¶ 2. The defendant timely filed the motion to compel discovery on the deadline for such motions.

## ANALYSIS

As a starting point, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents . . ." Fed. R. Civ. P. 26(b)(1). However, "[t]he District Court does have discretion to limit the scope of discovery." *Credit Lyonnais v. SGC Int'l, Inc.*, 160 F.3d 428, 431 (8th Cir. 1998). To determine if a matter is discoverable, the analysis requires the court to first determine whether the sought discovery is relevant to a claim or defense. Accordingly, although limited, relevant evidence includes "any matter that could bear on, or that reasonably could lead to other matter that could bear on" the claims or defenses of any party. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). "Determinations of relevance in discovery rulings are left to the sound discretion of the trial court and will not be reversed absent an abuse of discretion." *Hayden v. Bracy*, 744 F.2d 1338, 1342 (8th Cir. 1984). Once the requesting party meets the threshold relevance burden, generally "[a]ll discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." *Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 684-85 (D. Kan. 1991) (citation omitted). The responses to interrogatories and requests for production are initially due within thirty days of service. **See** Fed. R. Civ. P. 33(b)(2), Fed. R. Civ. P. 34(b)(2)(A). Otherwise, objections may be waived. **See** Fed. R. Civ. P. 33(b)(4). Further, a party may

generally be deposed upon reasonable notice without court involvement. **See** Fed. R. Civ. P. 30(a). Unjustifiable failure to provide requested discovery or appear for a properly noticed deposition may result in sanctions. **See** Fed. R. Civ. P. 37.

The defendant has met its burden of showing the discovery sought is relevant to the claims and defenses in this matter. The plaintiffs fail to show any legal justification for the failure to provide the requested discovery or make themselves available for depositions. Although the record reveals the plaintiffs' counsel may be having difficulty locating some of the plaintiffs, they possess discoverable information. Accordingly, the defendant's motion to compel responses to discovery requests and parties to appear for depositions is granted. Upon consideration,

**IT IS ORDERED:**

1. The defendant's Motion to Compel Discovery (Filing No. 146) is granted.

2. **On or before July 8, 2010**, the seven named plaintiffs and sixty-four opt-in class members who had been previously served shall serve responses to the defendant's First Set of Interrogatories and First Set of Requests for the Production of Documents

3. **On or before August 6, 2010**, Ivon Chavorin, Mercedes Estrella, Carlos Mejia, Jose Morales, and Javier Moreno Perez shall appear for their depositions as will be noticed and scheduled at the convenience of the parties.

DATED this 8th day of June, 2010.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.