IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSE MORALES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 8:08CV88 |
| | ) | |
| and | ) | |
| | ) | |
| GABRIEL SANCHEZ CLAUDIO, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 8:08CV161 |
| | ) | |
| vs. | ) | |
| | ) | |
| GREATER OMAHA PACKING | ) | **MEMORANDUM AND ORDER** |
| COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for partial summary judgment, Filing No. 176; plaintiffs' motion for partial summary judgment, Filing No. 179; and defendant's motion to dismiss certain plaintiffs, Filing No. 182. The plaintiffs in both cases are current or former employees of the defendant. They filed this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and under state wage and hour laws alleging violations regarding pay for donning and doffing and cleaning in connection with their job requirements. The court has carefully reviewed the record, all motions, briefs, reply briefs, indices of evidence, and the relevant law.

## STANDARD OF REVIEW

Summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material

fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate

time for discovery and upon motion, against a party who fails to make a showing sufficient

to establish the existence of an element essential to that party's case, and on which that

party will bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

(1986).  "[A] party seeking summary judgment always bears the initial responsibility of

informing the district court of the basis for its motion, and identifying those portions of 'the

pleadings, depositions, answers to interrogatories, and admissions on file, together with

the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of

material fact."  *Id.* at 323.  If the moving party meets the initial burden, the burden then

shifts to the opposing party to produce evidence of the existence of a genuine issue for

trial.  *Id.* at 324.

    "The inquiry performed is the threshold inquiry of determining whether there is the

need for a trial—whether, in other words, there are any genuine factual issues that properly

can be resolved only by a finder of fact because they may reasonably be resolved in favor

of either party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  A "genuine"

issue of material fact exists "when there is sufficient evidence favoring the party opposing

the motion for a jury to return a verdict for that party."  *Id*. at 249-52 (noting the inquiry is

whether the evidence presents a sufficient disagreement to require submission to a jury

or whether it is so one-sided that one party must prevail as a matter of law).  If "reasonable

minds could differ as to the import of the evidence," summary judgment should not be

granted.  *Id.* at 250-51.

The evidence must be viewed in the light most favorable to the nonmoving party, giving the nonmoving party the benefit of all reasonable inferences. *Kenney v. Swift Transp., Inc.*, 347 F.3d 1041, 1044 (8th Cir. 2003). "In ruling on a motion for summary judgment, a court must not weigh evidence or make credibility determinations." *Id.* "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Koehn v. Indian Hills Cmty. Coll.*, 371 F.3d 394, 396 (8th Cir. 2004).

## DISCUSSION

*A.   Filing No. 176, Defendant's Motion for Partial Summary Judgment*

Defendant moves this court to grant it summary judgment on Counts I and II of the plaintiffs' consolidated complaint and on record-keeping claims. Defendant contends it is entitled to judgment on Count I for Nebraska wage and hour claims, as the plaintiffs received more than the statutory minimum wage. Second, defendant argues it is entitled to summary judgment on Count II because there is no agreement as required by the Nebraska Wage and Hour Act to pay overtime wages for donning, doffing and related activities. Third, defendant contends it is entitled to summary judgment on plaintiffs' record- keeping claims, as there is no private right of action for record-keeping violations on the federal or state labor and wage and hour acts. In any event, the defendant argues it has complied with all record-keeping requirements required by law.

The court finds these issues regarding wage and hour claims are intertwined with the facts in this case and will be decided at the time of trial.[1]  The question for trial, which has been addressed in numerous previous orders by this court, is what is a compensable work activity and how that work relates to the wages paid to plaintiffs.  Suffice it to say, the issues will be addressed at trial.  It might very well be that after the evidence is introduced, these claims will be dismissed.  However, the court is not ready to make that decision prior to listening to the evidence in this case.

With regard to the private right of action to enforce federal or state record-keeping requirements, plaintiffs assert they have not tried to state a separate cause of action for injunctive relief or damages under federal or state law and stipulate to the same.  They do not agree that the alleged record-keeping deficiencies are irrelevant, though, and intend to produce evidence of the deficiencies.   At this time the court will allow the admission of such evidence to the extent said evidence is relevant.  If, however, the court believes the plaintiffs are trying to persuade the jury that such deficiencies in and of themselves relate to damages via a private right of action, the court will entertain an appropriate motion from defense counsel.  Accordingly, the court will deny the motion for partial summary judgment, Filing No. 176.

B.  *Filing No. 179, Plaintiffs' Motion for Partial Summary Judgment*

Plaintiffs move this court to grant its motion for partial summary judgment arguing that defendant's stated defenses to liability under the Fair Labor Standards Act, 29 U.S.C.

---

[1]The Nebraska Wage and Hour Act establishes a minimum wage for all workers as well as minimum wage compensation standards.  Neb. Rev. Stat. § 48-1201. The Nebraska Wage Payment Act requires an employer to pay all the wages due to employees at regular intervals.  Neb. Rev. Stat. § 48-1230.

§ 201 and Nebraska state law are without merit.  Plaintiffs object to defendant's *de minimis*
defense, defendant's good faith defense, and defendant's Portal-to-Portal defense under
29 U.S.C. § 254.   Plaintiffs also ask this court to find that defendant acted wilfully, thus
entitling plaintiffs to a third year of statute of limitations under the Fair Labor Standards Act,
29 U.S.C. § 255.  Again, these are the same issues previously addressed by this court with
regard to what is and is not compensable time.  They are factual in nature and are the core
of this case.  They are issues that will be tried at trial and will not be determined as a
matter of law until that time.  If, after the evidence is submitted, the court determines that
any of these issues can be ruled on as a matter of law, the court will entertain an
appropriate motion from either party.  Accordingly, the court will deny the motion for partial
summary judgment, Filing No. 179.  The court will not determine the allegations of willful
behavior until after it has heard the evidence.

    C.  *Filing No. 182, Defendant's Motion to Dismiss Certain Named Plaintiffs and
Opt-ins*

    Defendant moves to dismiss certain named plaintiffs and opt-ins for failure to
comply with the magistrate judge's order, dated June 8, 2010, Filing No. 157, pursuant to
Fed. R. Civ. P. 41(b) and 37(b)(2)(A).  Defendant asks this court to dismiss 6 non-
compliant named plaintiffs and 63 non-compliant opt-ins, to dismiss plaintiff Sanchez and
opt-in Menjivar because they wish to withdraw from this lawsuit, and to dismiss the claims
of each of these named plaintiffs and opt-ins against the defendant.  Defendant alleges
that the five named plaintiffs failed to appear for their depositions by August 6, 2010, as
required by the June 8, 2010, order addressing a motion to compel, and that the 6 named

5

plaintiffs and 63 opt-in class members failed to respond to written discovery by the July 8, 2010, deadline.

Plaintiffs contend that certain class members have not intentionally failed to comply with the court order.  They argue that the nature of this business is such that when workers lose their job they migrate elsewhere.  Plaintiffs admit they cannot locate some of the plaintiffs and opt-in plaintiffs.  Plaintiffs ask the court not to dismiss any of the sate law Rule 23 class claims as that would punish workers who opted into the FLSA, since their Rule 23 claims would also be dismissed.  In the alternative, plaintiffs ask this court to dismiss without prejudice, if the court is inclined to dismiss these plaintiffs.

Plaintiffs agree to the dismissal of plaintiff Severo Sanchez and opt-in plaintiff Celina Menjivar, without prejudice, but ask this court to not dismiss their Rule 23 claims.

Plaintiffs ask this court to only dismiss, if any, those absent class members who filed opt-in forms, as opposed to those members who are class representatives.  Further, plaintiffs ask this court to make any dismissals without prejudice.

The court finds that plaintiffs Severo Sanchez and opt-in plaintiff Celina Menjivar have indicated they do not want to participate in this litigation.  These two parties were permitted to opt out following the class notice sent November 16, 2010, but it is unclear whether they opted out or not.  Accordingly, the court will dismiss them without prejudice.

The parties have not notified the court if any of these plaintiffs responded following the mailing of the class notices in November of 2010.  Accordingly, the court is going to grant the motion to dismiss as to those plaintiffs and opt-in plaintiffs who have failed to comply with the court order entered June 8, 2010, but only as to their individual claims.

The court will not grant the motion to dismiss as to named plaintiffs because the remaining opt-in plaintiffs will lose their claims. This case is far enough along in the litigation that it would be highly prejudicial to the plaintiffs to dismiss the claims of the named plaintiffs. However, with that said, the court will order the plaintiffs to file a motion to substitute an opt-in plaintiff for the named plaintiffs, so as to preserve the claims of all litigants. Such substitution must be done within sixty days of this order. Failure to do so may result in dismissal of those claims. Further, if naming a new plaintiff causes the need for additional, not redundant, discovery, the parties shall confer with the magistrate judge and discuss the need and timing of such discovery.

THEREFORE, IT IS ORDERED:

1. Defendant's motion for summary judgment, Filing No. 176, is denied.

2. Plaintiffs' motion for partial summary judgment, Filing No. 179, is denied.

3. Defendant's motion to dismiss, Filing No. 182, is denied in part and granted in part as set forth herein. The individual claims of plaintiff Severo Sanchez and opt-in plaintiff Celina Menjivar are dismissed, without prejudice

DATED this 1st day of April, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.