IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ISAAC VALENCIA and ERNESTO CONTRERAS, on behalf of themselves and all other similarly situated individuals;<br><br>Plaintiffs,<br><br>v.<br><br>GREATER OMAHA PACKING,<br><br>Defendant. | **8:08CV88**<br><br>**MEMORANDUM AND ORDER** |
| ISAAC VALENCIA and ERNESTO CONTRERAS, on behalf of themselves and all other similarly situated individuals;<br><br>Plaintiffs,<br><br>v.<br><br>GREATER OMAHA PACKING,<br><br>Defendant. | **8:08CV161**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on the parties' joint motions for approval of class and collective action settlement, Filing No. 185 in 8:08CV161; Filing No. 259 in 8:08CV88. This is a class/collective action for recovery of wages for donning and doffing activities under the FLSA, and the Nebraska Wage Payment and Collection Act.

The court conditionally certified plaintiffs' FLSA claims as a Section 216(b) collective action on June 9, 2009, defining the class as follows:

> All present and former production support employees who have been employed by Greater Omaha Packing Co., Inc.'s Omaha, Nebraska, processing facility during the time period March 4, 2005, to the present, who use personal protective equipment and are compensated based on a gang time system.

Filing No. 92 in 8:08CV88; Filing No. 124 in 8:08CV161. The court also certified a Rule 23 class, pertaining to the state law claims on March 17, 2010, with the following definitions:

> All current and former production and support workers of Defendant Greater Omaha Packing Co.'s Omaha, Nebraska meat processing facility who have been employed by Greater Omaha at any time from March 4, 2004, to the present and are or were paid on a "gang time" basis during the class period.

Filing No. 143 in 8:08CV88 and 8:08CV161, Memorandum and Order. On May 26, 2010, as part of the certification notification process, the court approved the parties' Joint Proposed Combined FLSA and Rule 23 Class Notice Filing No. 155 in 8:08CV88 and Filing No. 148 in 8:08CV161. Plaintiffs' counsel then arranged for class notice to be sent out. A total of 136 current and former GOP employees (Opt-Ins) signed and returned consent forms to join the FLSA collective action.

Generally, employee rights under the FLSA may not be waived by unsupervised releases. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945). However, under the FLSA, an employee may waive FLSA rights through either of two specific methods: where the settlement is approved and administered by the Department of Labor or through a stipulated judgment after a court has reviewed and approved the agreement for fairness. *See* 29 U.S.C. § 216(b). Courts should review FLSA collective action settlements to ensure "a fair and reasonable resolution of a bona fide dispute." *See Lynn's Food Stores, Inc. v. United States Dept. of Labor*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).

Under Rule 23(e), in considering preliminary approval, the court makes a preliminary evaluation of the fairness of the settlement, prior to notice. Manual of

2

Complex Litigation (Fourth) § 21.632 (2010). First, the court must make a preliminary determination of the fairness, reasonableness and adequacy of the settlement terms and must direct the preparation of notice of the proposed settlement and the date of the fairness hearing. *Id.* After an agreement is preliminarily approved, the second step of the process ensues: notice is given to the class members of a hearing, at which time class members and the settling parties may be heard with respect to final court approval. *Id.*

A district court is required to consider four factors in making a final determination that a settlement is fair, reasonable, and adequate: (1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement. *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 931 (8th Cir. 2005). A court may also consider procedural fairness to ensure the settlement is "not the product of fraud or collusion." *Id.* at 934. The experience and opinion of counsel on both sides may be considered, as well as whether a settlement resulted from arm's length negotiations, and whether a skilled mediator was involved. *See DeBoer v. Mellon Mortgage Co.*, 64 F.3d 1171, 1178 (8th Cir. 1995). A court may also consider the settlement's timing, including whether discovery proceeded to the point where all parties were fully aware of the merits. *See City P'ship Co. v. Atlantic Acquisition Ltd. P'ship*, 100 F.3d 1041, 1043 (1st Cir. 1996). "The most important consideration in deciding whether a settlement is fair, reasonable, and adequate is 'the strength of the case for plaintiffs on the merits, balanced against the amount offered in settlement.'" *In re Wireless*, 396 F.3d at 933 (internal citations omitted).

The court has reviewed the proposed settlement agreement. See Filing No. 261 in 8:08CV88; Filing No. 187 in 8:08CV161; Index of Evid., Ex. A, Settlement Agreement. The court finds the proposed settlement in the best interests of the plaintiff Class, based on the claims and defenses in this action, its procedural posture, the anticipated time and expense of protracted litigation. Importantly, Greater Omaha Packing has changed its timekeeping and pay practices to conform to this court's rulings in the similar case of *Acosta v. Tyson*, No. 8:08CV86, with respect to the employer's duty to measure the actual time spent performing work-related activities, maintain records of that time, and pay employees for the actual time recorded. Greater Omaha Packing has also agreed to pay a total of $485,000, of which $218,500 is allocated to attorneys' fees and costs, subject to court approval, up to $12,500 is allocated to cover the costs of claims administration, and $254,000 will be paid directly to participating Class Members who have worked at the Greater Omaha Packing plant between March 4, 2004, and the date on which the court grants preliminary approval to the settlement as back pay. The amount to be distributed to each Settlement Class Member who elects to participate depends on the number of weeks during the relevant time period the employee worked for Greater Omaha Packing in a gang-time position, and will be distributed pro rata based on each settlement participant's total number of gang-time weeks in relation to the total number of weeks worked by all settlement participants combined.

Plaintiffs have also shown that all of the Net Settlement Fund will be paid to Settlement Participants, and Greater Omaha Packing will not retain any portion of the Net Settlement Amount. The parties have agreed to a back pay payment process in the Settlement Agreement that sets out notices and time periods for responses. The

Settlement Agreement also provides for any Cy Pres funds to be distributed to United Way of the Midlands.

The Settlement also provides for attorneys' fees and in an amount not to exceed $218,500 to be approved by the court. Further, they have shown that the lodestar amount of attorney fees exceeds the amount provided in the Settlement agreement. Filing No. 187, Index of Evid., Ex. B, Affidavit of Brian McCafferty.

The proposed settlement between the plaintiff class and defendant Greater Omaha Packing appears, on preliminary review, to be within the range of reasonableness and, accordingly, the court finds the proposed settlement should be submitted to class members for their consideration and a fairness hearing under Fed. R. Civ. P. 23(e), after which an order of final approval will issue. Accordingly,

IT IS ORDERED:

1. The Rule 23(e) class and collective action class conditionally certified (Filing No. 92 in 8:08CV88; Filing No. 124 in 8:08CV161; Filing No. 143 in 8:08CV88 and 8:08cv161) is hereby approved and certified.

2. The parties' joint motions for preliminary approval of proposed settlement agreement (Filing No. 259 in 8:08CV88 and Filing No. 185 in 8:08CV161) are granted.

3. The Settlement Agreement (attached as Ex. A to Filing No. 261 in 8:08CV88 and Filing No. 187 in 8:08CV161) is preliminarily approved.

4. BrownGreer PLC is approved as the Claims Administrator of the proposed settlement and the projected costs of administration are approved.

5. A Class Notice and Claim form in substantially the same form as that attached as Exhibits 1 through 4 of the Settlement Agreement, Ex. A (Filing No. 261 in 8:08CV88; Filing No. 187 in 8:08CV161) is approved.

6. The parties shall provide notice to the class as provided in the Settlement Agreement.

7. A Fairness Hearing is set for **January 23, 2014, at 9:00 a.m**., in Courtroom No. 3, Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Omaha, Nebraska.

DATED this 23rd day of September, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge