IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ISAAC VALENCIA and ERNESTO CONTRERAS, on behalf of themselves and all other similarly situated individuals;<br><br>Plaintiffs,<br><br>v.<br><br>GREATER OMAHA PACKING,<br><br>Defendant. | **8:08CV88**<br><br>**MEMORANDUM AND ORDER OF FINAL APPROVAL** |
| ISAAC VALENCIA and ERNESTO CONTRERAS, on behalf of themselves and all other similarly situated individuals;<br><br>Plaintiffs,<br><br>v.<br><br>GREATER OMAHA PACKING,<br><br>Defendant. | **8:08CV161**<br><br>**MEORANDUM AND ORDER OF FINAL APPROVAL** |

This matter is before the court on the plaintiffs' unopposed motions for final approval of attorney fees and costs, Filing No. 263 in 8:08CV88 and Filing No. 189 in 8:08CV161, and on the parties' joint motions for final approval of settlement agreement, Filing No. 264 in 8:08CV88 and Filing No. 190 in 8:08CV161.  This is a class/collective action for recovery of wages for donning and doffing activities under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Nebraska Wage Payment and Collection Act, Neb. Rev. Stat. § 48-1228 *et seq.*

I. FACTS

The court conditionally certified plaintiffs' FLSA claims as a Section 216(b) collective action on June 9, 2009, defining the class as follows:

> All present and former production support employees who have been employed by Greater Omaha Packing Co., Inc.'s Omaha, Nebraska, processing facility during the time period March 4, 2005, to the present, who use personal protective equipment and are compensated based on a gang time system.

Filing No. 92 in 8:08CV88; Filing No. 124 in 8:08CV161. The court also certified a Rule 23 class for the state law claims with the following definition:

> All current and former production and support workers of Defendant Greater Omaha Packing Co.'s Omaha, Nebraska meat processing facility who have been employed by Greater Omaha at any time from March 4, 2004, to the present and are or were paid on a "gang time" basis during the class period.

Filing No. 143 in 8:08CV88 and 8:08CV161, Memorandum and Order (noting applicability to both actions). The court also approved the parties' Joint Proposed Combined FLSA and Rule 23 Class Notice. Filing No. 155 in 8:08CV88; Filing No. 148 in 8:08CV161. The court preliminarily approved the parties' proposed settlement. Filing No. 262 in 8:08CV88 and Filing No. 188 in 8:08CV161.

In support of the motion for final approval, the parties submit the Declaration of Jonathan P. Hruska, BrownGreer PLC, Claims Administrator ("Hruska Decl."). Filing No. 267-1 in 8:08CV88; Filing No. 193-1 in 9:08CV161. The parties have shown that the claims administrator complied with the terms of the settlement agreement and order of preliminary approval. *Id.* at 1-3. They have shown that notice of the proposed settlement was sent to 3,954 present and former Greater Omaha Packing Co. employees. *Id.* at 1-3. As of January 15, 2014, the Claims Administrator had received

441 consents to join the suit and a total of 561 settlement class members have opted in to the settlement. *Id.* The parties have shown that the workweeks for the 651 opt-ins total 91,970 workweeks, resulting in the highest payment due to an individual Settlement Class Member of $1,333.93. *Id.* The parties have also shown that the Claims Administrator has not received any requests from Settlement Class Members requesting to opt-out of the settlement. *Id.* Similarly, no objections to the settlement have been received by the plaintiffs' law firms. *Id.*

A fairness hearing was held on January 23, 2014. No one appeared to object to the settlement. Counsel for both parties stated on the record that no additional objections or other expressions of dissatisfaction with the settlement had been received. It therefore appears to the court that class members have been adequately apprised of the settlement and there is no opposition to the settlement.

With respect to their motion for attorney fees, the parties have shown that the amount of fees requested, $104,559.10, represents approximately 28.5% of the total lodestar amount of time expended in this matter, and to 21.5% of the total settlement fund of $485,000.00. *See* Declaration of Brian P. McCafferty ("McCafferty Decl."), Filing No. 261-6 in 8:08cv88; Filing No. 187-6 in 8:08cv161. The attorney fee amount was negotiated as part of the settlement and class members were provided notice. No objection or other response to the motion for an award of fees has been filed and the time for filing objections has expired.

Plaintiffs also seek reimbursement of $113,940.90 in costs and expenses. They have set forth the costs and expenses in detail. *See* McCafferty Decl., *e.g.,* Filing No. 261-6 at pp. 27-34, 38-40, 56-59, 261-6.

II.  LAW

Under the FLSA, an employee may waive FLSA rights through a stipulated judgment after a court has reviewed and approved the agreement for fairness.  See 29 U.S.C. § 216(b).  Courts should review FLSA collective action settlements to ensure "a fair and reasonable resolution of a bona fide dispute."  See *Lynn's Food Stores, Inc. v. United States Dept. of Labor*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).  A district court is required to consider four factors in making a final determination that a settlement is fair, reasonable, and adequate:  (1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement.  *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 931 (8th Cir. 2005).  A court may also consider procedural fairness to ensure the settlement is "not the product of fraud or collusion."  *Id*. at 934.

A thorough judicial review of fee applications is required in all class action settlements.  *In re Diet Drugs*, 582 F.3d 524, 537-38 (3d Cir. 2009); *Johnson v. Comerica Mortgage Corp.*, 83 F.3d 241, 246 (8th Cir. 1996) (noting that the district court bears the responsibility of scrutinizing attorney fee requests).  Courts utilize two main approaches to analyzing a request for attorney fees:  (1) the "lodestar" methodology (multiplying the hours expended by an attorneys' reasonable hourly rate of compensation to produce a fee amount that can be adjusted to reflect the individualized characteristics of a given action); and (2) the "percentage of the benefit" approach (permitting an award of fees that is equal to some fraction of the common fund that the

4

attorneys were successful in gathering during the course of the litigation). *Johnston*, 83 F.3d at 244-45.  It is within the court's discretion to decide which method to apply.  *Id.* The percentage-of-recovery methodology has been approved in common-fund settlement class action cases. *See, e.g., In re US Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002) (approving an award of 36% of the settlement fund); *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1157 (8th Cir. 1999) (approving award of 24% of monetary compensation to the class).  To recover fees from a common fund, attorneys must demonstrate that their services were of some benefit to the fund or that they enhanced the adversarial process. *In Re US Bancorp Litig.*, 291 F.3d at 1038.

    III.  DISCUSSION

        A.  Attorney Fees

The court finds that plaintiffs' motion for an award of attorney fees should be approved and fees in the amount of $104,559.10 should be awarded.  This amount is in line with awards in other cases. *See, e.g.*, *id.* at 1038; *Petrovic*, 200 F.3d at 1157.  The plaintiffs have demonstrated that counsel's services have benefitted the class.  Several hundred class members will receive benefits from the settlement fund.  Based on its familiarity with the litigation, a fee approximately one-fifth of the monetary benefits recovered seems reasonable.

The court has reviewed the plaintiffs' submissions and finds that the hours expended on the litigation are reasonable and were necessary to prosecute the action. The defendant vigorously contested the case over the course of five years.  Further, based on its familiarity with attorney fees in this area, the court finds counsel's rates are reasonable for litigation of this complexity.

The court has reviewed the submissions and finds that the costs, travel expenses, court reporter fees, interpreter fees, expert witness fees, photocopying fees, and other expenses incurred are fair and reasonable and were necessary to prosecute the claims on behalf of the class. The expenses were incurred over a five-year period and include thirty-five depositions. The court finds that the plaintiffs' motion for reimbursement of $113,940.90 should be granted.

B. Final Approval of Settlement

The terms of the settlement agreement are set out in the court's earlier order preliminarily approving the settlement. See Memorandum an Order, Filing No. 262 in 8:08CV88; Filing No. 187 in 8:08CV161. The parties have shown that they have complied with the notice procedures outlined in the settlement agreement and in the court's earlier order.

For the reasons stated in the court's order of preliminary approval, the court finds the proposed settlement is in the best interests of the plaintiff class, based on the claims and defenses in this action, its procedural posture, and the anticipated time and expense of protracted litigation. Importantly, Greater Omaha Packing has prospectively changed its timekeeping and pay practices. The pro-rata distribution to those who have opted in to the class appears fair and equitable.

The court further finds that the Settlement Agreement was reached following meaningful discovery and investigation and is the result of adversarial, arm's-length negotiation between the parties.

After full consideration and a fairness hearing, the court finds that potential class members have been provided notice and there is no opposition to the motion. In light of

its familiarity with this and similar donning and doffing cases, the court finds the settlement provides substantial benefits to the participating class members. The settlement is a fair, reasonable and adequate resolution of a *bona fide* dispute. The court also finds that the designated *cy pres* recipient for the proceeds of any uncashed checks, United Way of the Midlands, is reasonable and appropriate. Accordingly,

IT IS ORDERED:

1. The plaintiff's unopposed motion for attorney fees and costs (Filing No. 263 in 8:08CV88 and Filing No. 189 in 8:08CV161) is granted.

2. Plaintiff is awarded attorney fees $104,559.10 and costs and expenses of $113,940.90.1.

3. The parties' joint motion for final approval of settlement agreement (Filing No. 264 in 8:08CV88 and Filing No. 190 in 8:08CV161) is granted.

4. The Settlement Agreement and Release (attached as Ex. A to Filing No. 261 in 8:08CV88 and to Filing No. 187 in 8:08CV161) is hereby approved.

5. The claims administrator, BrownGreer, PLC, is directed to disburse funds in accordance with the terms of the Settlement Agreement.

6. A judgment for attorney fees and a final judgment of dismissal will be entered this date.

DATED this 23rd day of January, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge